**Morgan Lewis**

**Lincoln O. Bisbee**
Partner
+1.212.309.6104
lincoln.bisbee@morganlewis.com

July 28, 2022

**VIA ECF**

Hon. LaShann DeArcy Hall, EDNY District Judge
225 Cadman Plaza East, Brooklyn, NY 11201, Courtroom: 4H North

  Re:  *Krawitz, et al., v. Five Below, Inc.*, Civil Action No.: 2:22-cv-02253-LDH-ARL

Dear Judge DeArcy Hall,

We represent Defendant Five Below, Inc. ("Five Below") in the above-referenced matter. We write pursuant to Your Honor's Individual Practices to request a pre-motion conference in anticipation of Five Below's motion to dismiss or strike Plaintiffs Spencer Krawitz's and Cassandra Rodriguez's (collectively, "Plaintiffs") Amended Complaint ("Complaint" or "Compl.") (Dkt. 13) pursuant to Rules 12(b)(1), 12(b)(6), 12(f), and 23(d) of the Federal Rules of Civil Procedure.

Plaintiffs' Complaint singularly alleges that they are entitled to substantial penalties in the form of liquidated damages because Five Below paid them and a putative class of purported current and former "manual workers" on a bi-weekly basis, instead of on a weekly basis in accordance with New York Labor Law ("NYLL") § 191(1)(a). (Compl. ¶¶ 1-5, 20-23.) Plaintiffs' Complaint should dismissed or stricken for the following reasons.

**Plaintiffs Still Do Not Plausibly Plead Article III Standing.** Plaintiffs do not have standing to assert a frequency of pay claim under NYLL § 191 in federal court, because they have not alleged how being paid bi-weekly—instead of once a week—caused them concrete and actual harm. The Supreme Court recently confirmed in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021) that a statutory violation by itself does not give rise to an injury in fact. Specifically, the Court held that "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id*. at 2205. Here, *despite being given the opportunity to amend their Complaint,* neither Plaintiff has met their burden. They have not cured the Complaint's blackletter deficiency and still do not allege any facts regarding how being paid bi-weekly caused them concrete and actual harm. Instead, both Plaintiffs continue to offer only generic and hypothetical suggestions about what they *might* have done with the allegedly late funds. Nowhere does Krawitz allege a specific plan for his money (e.g., how he would have invested his wages or in what way his investments would have increased the value of his funds)—only that he "could not invest or earn interest" on undisclosed investments. (Compl. ¶ 11.) The same is true with respect to Rodriguez. (*Id.* at ¶ 12) Plaintiffs' harm is, therefore, purely hypothetical and insufficient to establish Article III standing. *See, e.g.*, *Harty v. W. Point Realty*, 28 4th 435, 443 (2d Cir. 2022) (holding that potential injuries only become

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY 10178-0060
United States
T +1.212.309.6000
F +1.212.309.6001

Hon. LaShann DeArcy Hall, District Judge

"actual" and "imminent" when accompanied by a "description of [the] concrete plans" the plaintiff planned to take, or would have taken); *Adler v. Penn Credit Corp.,* 2022 WL 744031, at *7, 10 (S.D.N.Y. Mar. 11, 2022) (plaintiff claiming lost use of money-type injuries must allege what "specific plans [he had] to invest his money").

**Plaintiffs Still Cannot Assert A Pay Frequency Claim.**  Section 191 of the NYLL does not provide individual employees with a private right of action to bring claims against their employers for paying them less frequently than weekly.  Not only does the NYLL not contain an express, private right of action on its face (*see* NYLL 191(1)(a)), there is also no basis to infer a private right of action into the statute.  The history of the applicable statutory scheme, including its emphasis on administrative enforcement, makes clear that the only remedies available for frequency of pay violations are civil penalties recoverable by the Commissioner of Labor.  Plaintiffs may try to save their claims by pointing to NYLL § 198, which describes the private remedies available for violations of NYLL § 191, but the private remedies under § 198 are for *underpayment* of wages, not *untimely* payment of wages.  The statute's protections are explicit: it provides for the recovery of damages for *underpaid* wages, not wages that are paid at the proper amount but in an allegedly untimely fashion.  NYLL § 198.  Courts have correctly held that a mere "frequency of pay violation" without any accompanying underpayment in the wages received— like Plaintiffs' claim here—does not trigger damages or a private right of action.  *See, e.g., Grant v. Glob. Aircraft Dispatch, Inc.*, 2021 WL 6777500, at *3 (N.Y. Sup. Ct. Apr. 20, 2021) (dismissing plaintiffs' Section 191 class claims because "NYLL § 191 does not provide for private recovery for violations of its provisions regarding frequency of payment…or for liquidated damages for wages that were previously paid though untimely").

**Plaintiffs Still Do Not Adequately Allege That The Rule 23 Prerequisites Are Met Here.** Where, as here, "a defendant demonstrate[s] from the face of the [c]omplaint that it would be impossible to certify the alleged class regardless of the facts [the] [p]laintiffs may be able to obtain during discovery," dismissal is appropriate.[1]  *Maddison v. Comfort Sys. USA (Syracuse),* 2018 WL 679477, at *7 (N.D.N.Y. Feb. 1, 2018).  Even at the pleading stage, Plaintiffs must put forward allegations that plausibly satisfy Rule 23's requirements.

**Commonality and Predominance.**  Despite being given the opportunity to amend their Complaint, Plaintiffs still do not plausibly plead the existence of commonality or predominance. While Plaintiffs claim that there are *questions* common to the class, simply articulating a common question is not enough.  *Wal-Mart Stores v. Duke*, 564 U.S. 338, 350 (2011).  "What matters to class certification is not the raising of common questions—even in droves—but, rather, the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation."  *Id.*  Plaintiffs' pleadings make clear that proceeding on a classwide basis will not generate common answers proven by classwide proof.  In order to determine whether Five Below "[1] was required to pay class members on a weekly basis, [2] whether class members were paid on a weekly basis, and [3] whether [Five Below] violated NYLL §191," the court will need to conduct fact intensive *individualized inquiries* into the details of each class members' actual job

---

[1] In the alternative, Rule 23(d) also provides the Court with the means to strike the class allegations now and prevent wasteful discovery. Fed. R. Civ. P. 23(d)(1)(D).

Hon. LaShann DeArcy Hall, District Judge

duties. (Compl. ¶ 16.) The fact-intensive and highly individualized inquiry will require the Court to consider for each workweek and for each putative class member (spanning different positions, at different stores, across a period of six years): (1) the actual tasks each individual employee performed; (2) how much time each employee spent performing each task, and (3) whether each task constituted "manual work." There is nothing common about this process and Plaintiffs attempts to establish liability will rely on individualized evidence. Thus, Plaintiffs' allegations do not plausibly satisfy Rule 23. *See, e.g.*, *Myers v. Hertz Corp.*, 624 F.3d 537, 551 (2d Cir. 2010); *Ellersick v. Monro Muffler Brake, Inc.*, 2017 WL 1196474, at *7 (W.D.N.Y. Mar. 31, 2017).

**Typicality.** Plaintiffs likewise do not include any non-conclusory allegations with respect to typicality, presumably because their claims are not typical to other members of the class. Plaintiffs' only allegation is that they worked as "manual workers" in New York (a legal question) and were not paid weekly. (Compl. ¶ 17.) Plaintiffs' singular allegation is wholly conclusory and fails to take into consideration the differences in positions and stores over the six year period that they purport to represent. For example, Plaintiffs provide no support for how Krawitz's (an Assistant Manager) and Rodriguez's (a Cashier Associate, Customer Experience Manager, and Merchandising Manager) claims are typical of those of a Security Guard (a position that they purport to represent). (Compl. ¶¶ 11-13.) Accordingly, Plaintiffs' generic class allegations lack facial plausibility to satisfy Rule 23's requirements. This provides an independent basis to dismiss or strike the class claims.

Five Below respectfully requests that the Court schedule a pre-motion conference, grant Five Below leave to file the requested motion, and set a briefing schedule. Five Below also respectfully requests that discovery be stayed pending the Court's decision on the anticipated motion so that the proper forum and scope of the case, if any, can be determined before incurring discovery costs.

Respectfully submitted,

*/s/ Lincoln O. Bisbee*
Lincoln O. Bisbee

3