**BURSOR & FISHER**
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
www.bursor.com

Y ITZCHAK  K OPEL
Tel: **646.837.7150**
Fax: **212.989.9163**
ykopel@bursor.com

August 8, 2022

*Via ECF*

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Krawitz et al. v. Five Below, Inc.*, Case No. 2:22-cv-02253-LDH-ARL

Dear Judge DeArcy Hall:

I represent Plaintiffs in the above action. I write pursuant to Rule I.A of Your Honor's Individual Practices to bring to the Court's attention a recent ruling on the motion to dismiss in *Rodriguez v. Williams-Sonoma, Inc.*, Case No. 22-cv-02436-GRB-JMW (E.D.N.Y.), a similar New York Labor Law ("NYLL") § 191 putative class action. Because the *Rodriguez* Order does not contain an opinion, but instead references "the reasons set forth on the record," copies of the Minute Order and Hearing Transcript are attached hereto as Exhibits A and B, respectively.

The defendant in *Rodriguez* is represented by the same defense counsel as this case, and the arguments in Defendant's pre-motion letter are nearly identical to those asserted by the defendant in *Rodriguez*. Based on the parties' pre-motion letters, Judge Brown rejected two of the three arguments Defendant asserts here.

First, Judge Brown rejected the defendant's argument that plaintiff lacked Article III standing for want of a concrete injury, holding that the time value of money lost due to defendant's delayed wage payments was sufficient to confer standing. *See*, *e.g.*, Exhibit B, page 21, line 12 through page 22, line 24 ("I believe that the allegations are sufficient. … I do believe there's sufficient inference here that the plaintiff had some actual concrete loss if in fact the claim proves to be the case. That is he was entitled to weekly pay and he got biweekly pay. There is based on time value of money some inferential basis to believe that there was some loss."). This holding is relevant to Defendant's argument that Plaintiffs lack Article III standing in this action, given that Plaintiffs' allegations of injury are identical to those asserted in *Rodriguez*. *Compare* FAC, ¶¶ 11-12 (ECF No. 13) ("for half of each biweekly pay period, [Plaintiff] has been injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.") *with Rodriguez*, Case No. 2:22-cv-02436-GRB-JMW (E.D.N.Y.), ECF No. 1, ¶ 11, attached hereto as Exhibit C ("for half of each biweekly pay period, Plaintiff has been injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.").

  Second, Judge Brown rejected the defendant's argument that plaintiff had not adequately alleged commonality, typicality, or predominance under Rule 23. *See* Exhibit B, page 28, lines 8 through 10 ("So discovery will bear out that which we will be able to do or no do if it works consistent with Rule 23.").

                      Respectfully,

                      Yitzchak Kopel

cc: All counsel of record via ECF