UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SPENCER KRAWITZ and CASSANDRA RODRIGUEZ, individually and on behalf of all others similarly situated,

                              Plaintiffs,

v.

FIVE BELOW, INC.,

                              Defendant.

**MEMORANDUM AND ORDER**
22-cv-2253 (LDH) (ARL)

---

LaSHANN DeARCY HALL, United States District Judge:

Spencer Krawitz and Cassandra Rodriguez ("Individual Plaintiffs"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs") bring this putative class action against Five Below, Inc. ("Defendant" or "Five Below"), alleging untimely wage payments under New York Labor Law ("NYLL") Section 191. Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(1), to dismiss Plaintiffs' first amended complaint in its entirety.

## BACKGROUND[1]

This putative class action arises from Defendant's alleged failure to timely pay its employees. (First Am. Class Action Compl. ("Compl."), ECF No. 13.) Plaintiff Spencer Krawitz has been employed by Defendant as an Assistant Manager since 2012. (*Id.* ¶ 11.) Plaintiff Cassandra Rodriguez worked as a Cashier Associate, Customer Experience Manager, and Merchandising Manager at Five Below from September 2017 to April 2022. (*Id.* ¶ 12.) According to the first amended complaint, "[a]t least 25%" of each Individual Plaintiff's tasks

---

[1] The following facts are taken from the first amended complaint (ECF No. 13) and are assumed to be true for the purpose of deciding the instant motion.

1

constituted manual labor, including cleaning, unpacking, stocking, processing store purchases, and removing garbage. (*Id.* ¶¶ 11-12.) Further, the Individual Plaintiffs were "paid every other week, rather than weekly, during the entirety of [their] employment," meaning they were "temporarily deprived of money owed to [them], and [they] could not invest, earn interest on, or otherwise use these monies that were rightfully [theirs]." (*Id.*) Together, the Individual Plaintiffs "seek to represent a class defined as all persons employed by Defendant in the State of New York over the last six years who (1) earned nine hundred dollars a week or less; and/or (2) did not have the authority to hire and fire other employees." (*Id.* ¶ 13.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If a court lacks subject matter jurisdiction, it must dismiss the action." *Shuford v. United States*, No. 13-CV-06303, 2014 WL 4199408, at *1 (E.D.N.Y. Aug. 21, 2014). A court evaluating a motion to dismiss under Rule 12(b)(1) "accepts as true all factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction." *Foad v. Holder*, No. 13-CV-6049, 2015 WL 1540522, at *2 (E.D.N.Y. Apr. 7, 2015) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 100 (2d Cir. 2004)). A plaintiff asserting subject matter jurisdiction must prove by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

## DISCUSSION

Section 191(1)(a) states that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned," unless the Commissioner of the New York Department of Labor has "authorized" the employer to pay the worker less frequently. N.Y. Lab. L. § 191(1)(a). Section 198(1-a) of the NYLL permits an "employee to recover the full amount of any underpayment" of wages. § 198(1-a). In addition, "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law," the employee may also recover "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." *Id.*

In 2019, the New York Appellate Division's First Department held that NYLL permits employees to seek liquidated damages for the untimely payment of wages, even if wages are no longer past due. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 1st Dep't 2019). In *Vega*, the First Department reasoned that "[Section] 198(1-a) expressly provides a private right of action for a violation of [Section] 191." *Id.* at 1146. It further concluded that Section 198(1-a) allows an award of damages based on untimely payments even if the employer had "pa[id] the wages that [we]re due before the commencement of [the] action." *Id.* at 1145. An "underpayment" for purposes of Section 198(1-a) occurs "[t]he moment that an employer fail[s] to pay wages in compliance with [S]ection 191(1)(a)." *Id.* While an employer that eventually pays the underpaid wages can "assert an affirmative defense" based on the eventual payment, the First Department concluded that an employee could still seek "statutory remedies," including liquidated damages. *Id.*

Despite this authority, Defendant curiously argues that Plaintiffs cannot privately assert a pay frequency claim under NYLL because Section 191 provides neither an express nor implied

3

private right of action. (Mem. L. Supp. Def's. Mot. Dis. or Strike ("Def's. Mem.") at 3-24, ECF No. 25.) Specifically, Defendant argues that the plain language of Section 198 fails to confer an express private right of action for violations of Section 191, that wage claims are brought exclusively by the New York Department of Labor, and that Section 191's legislative history reinforces this reading of the statute. (*Id.* at 3-12.) Defendant also argues against an implied right of action under Section 191 because of the statute's legislative history and scheme, a recent decision by the New York Court of Appeals that purportedly declined to recognize a private right of action, *Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38 (2022), and that recognizing a private right of action would create "absurd results." (*Id.* at 12-20.) The Court rejects these arguments.

Absent a clear directive from the state's highest courts, a federal court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324, 332 (E.D.N.Y. 2022) (quoting *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010)). Here, Defendant urges the Court not "to blindly follow *Vega*" in finding a private right of action under Section 191 because *Vega* "is not binding on this or any federal court, and the Court of Appeals is likely to reach a different conclusion." (Def's. Mem. at 1.) As another Court in this District framed this same argument: "The handicap that defendant's argument bears is all but insurmountable." *Levy*, 638 F. Supp. 3d at 332.

To suggest the Court might "blindly" follow *Vega* ignores the countless other federal courts in this Circuit that have weighed the same arguments and found that *Vega* supports a private right of action. Indeed, "since *Vega*, every court in this Circuit to consider that decision has followed its construction of the New York Labor Law." *Id.* (collecting cases); *see also*

4

*Nicole Davis v. Banana Republic LLC*, No. 21-CV-6160 (KAM)(VMS), 2023 WL 5969597, at *6-7 (E.D.N.Y. Sept. 14, 2023) (". . . . there are no post-*Vega* published Appellate Division decisions that disagree with or reject *Vega*, and every federal court in the Second Circuit to address the issue has applied *Vega*'s holding of an express private right of action under §§ 191 and 198(1-a)").[2]

In fact, Defendant makes the same arguments that courts in this circuit have repeatedly rejected in recognizing a private right of action under *Vega*. *See Davis*, 2023 WL 5969597, at *8 (rejecting the same arguments that "*Vega* contradicts the plain language, legislative history, statutory scheme, and administrative enforcement mechanisms of New York Labor Law"). Nor is the Court persuaded, as Defendant argues, that *Konkur* somehow obviates the holding in *Vega*. *Id.* at *7 ("Multiple courts within the Second Circuit have recognized that *Konkur* does not constitute 'persuasive evidence' that the New York Court of Appeals would reject *Vega*'s reasoning" because "[n]othing in *Konkur* . . . explicitly addresses *Vega*"). Defendant makes no argument to otherwise convince the Court that *Vega*—as followed by seemingly every district court since its decision—was somehow wrongly decided or preempted by later law.[3] Thus, the Court rejects Defendant's argument that *Vega* does not confer a private right of action under Section 191.[4]

---

[2] This would also explain why Defendant has failed to respond to the numerous notices of supplemental authority that Plaintiffs have filed here to alert the Court of additional cases recognizing a private right of action under *Vega*. (ECF Nos. 41, 42, 45, 47.)

[3] For example, *Nicole Davis v. Banana Republic LLC*, 2023 WL 5969597, was decided just weeks ago and found no contrary law to *Vega*.

[4] Defendant also argues that the Individual Plaintiffs are not "manual workers" for purposes of Section 191. (Def's. Mem. at 12.) Section 190(4) defines "manual worker" as "a mechanic, workingman or laborer." The New York Department of Labor has elaborated on this terse definition, long interpreting the term to include "employees who spend more than 25 percent of their working time performing physical labor." N.Y. Dep't of Labor Op. Ltr. No. RO-09-0066 (May 21, 2009). The Department interprets "physical labor" broadly to include a wide range of physical activities. *Id.* The duties an employee performs, not his title, determines whether he is a manual worker.

Even if Section 191 confers a private right of action, Defendant argues that Plaintiffs nonetheless lack standing because they have not pled how being paid bi-weekly instead of once a week caused them concrete and actual harm beyond the statutory violation itself. (Def's. Mem. at 20-21.) Plaintiffs respond that they have alleged economic harm by the loss of time and value of money owed to them." (Pls'. Opp'n Def's. Mot. to Dismiss ("Pls'. Mem.") at 3, ECF No. 27.) The Court agrees with Plaintiffs.

Again, Defendant makes the same argument that "has been rejected repeatedly by courts in this Circuit in the specific context of claims arising under Section 191." *Rankine v. Levi Strauss & Co.*, No. 1:22-CV-03362-LTS, 2023 WL 3582323, at *3 (S.D.N.Y. May 22, 2023) (collecting cases finding sufficient standing to plead a Section 191 violation). Although Defendant argues that Plaintiffs have merely pleaded a statutory violation, late payment of wages—as pleaded here—is a concrete harm sufficient to establish Article III standing. (Pls'. Mem. at 3); *see Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534RPKSJB, 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021); *see also Davis*, 2023 WL 5152449, at *5 ("Additional allegations beyond the temporary deprivation of money itself are not required in order to demonstrate an injury."). Plaintiffs, therefore, have pleaded sufficient facts to establish standing.[5]

---

*See Freeland v. Findlay's Tall Timbers Distribution Ctr., LLC*, No. 22-CV-6415-FPG, 2023 WL 4457911, at *5 (W.D.N.Y. July 11, 2023). According to the first amended complaint, "[a]t least 25%" of each Individual Plaintiff's tasks constituted manual labor, including cleaning, unpacking, stocking, processing transactions, and removing garbage. (Compl. ¶¶ 11-12.) This "factual description" of the Individual Plaintiffs' work duties is enough to conclude that they fall within NYLL's manual worker definition. *Freeland*, 2023 WL 4457911, at *11; *see also Levy*, 638 F. Supp. 3d at 331 n.5 (allegations sufficient where plaintiff pleaded "that more than 25% of her work involves physical labor, and lists specific tasks as examples").

[5] Defendant also argues for dismissal because "Plaintiffs [] do not adequately allege that Rule 23's prerequisites are met here." (Def's. Mem. at 24.) More specifically, Defendant argues that Plaintiffs have failed to plead commonality as to all the putative class members and that any common issues will not predominate individual issues. (*Id.*) In the alternative, Defendant argues that the Court should "strike the class allegations now and prevent

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the first amended complaint is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      September 29, 2023

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

---

wasteful discovery" because Plaintiffs fail "to state a viable class claim." (*Id.* n.12.) Defendant's arguments are properly made and resolved at the class certification stage. Several courts, in the context of Section 191, have rejected similar arguments concerning the definition and sufficiency of the alleged class at the motion to dismiss stage. *Nunez v. Exec. Le Soleil New York LLC*, No. 22 CIV. 4262 (KPF), 2023 WL 3319613, at *6 (S.D.N.Y. May 9, 2023) ("The Court may ultimately agree with Defendant that determining which Le Soleil employees qualify as manual workers under the NYLL requires an individualized inquiry into each employee's job title and duties that is incompatible with Rule 23's commonality and typicality requirements[;] But it will not do so on the limited record before it today."); *see also Pozo v. BlueMercury, Inc.*, No. 22-CV-7382, 2023 WL 4980217, at *8 (S.D.N.Y. Aug. 3, 2023) (denying motion to strike class allegations as "procedurally premature"); *Levy*, 638 F. Supp. 3d at 333 (ruling that "defendant's arguments directed at the proposed flight attendant class are dismissed without prejudice to their renewal at the class certification stage"). For the same reasons, the Court declines to assess the sufficiently of Plaintiffs' class standing, or strike class allegations, before the class certification stage.

7