UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SPENCER KRAWITZ and CASSANDRA
RODRIGUEZ, individually and on behalf of all
others similarly situated,

                        Plaintiffs,

          v.

FIVE BELOW, INC.,

                        Defendant.

**MEMORANDUM AND ORDER**
22-cv-2253 (LDH) (ARL)

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

On October 16, 2023, Five Below, Inc. ("Defendant") filed a request for a pre-motion conference, seeking leave to file a renewed motion to dismiss based on a lack of subject matter jurisdiction. (Pre-motion Conference Letter ("PMC Ltr."), ECF No. 49.) In addition, Defendant filed a motion to stay discovery pending resolution of Defendant's anticipated motion to dismiss. (ECF No. 50.) The Court held a pre-motion conference on December 20, 2023, and reserved ruling on whether Defendant would be granted leave to file a renewed motion to dismiss.

## DISCUSSION

Under the Class Action Fairness Act ("CAFA"), a district court "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d). Here, the amended complaint alleges that "members of the Class number in the thousands" and "the matter in controversy exceeds the sum of $5,000,000.00." (Am. Compl. ¶¶ 8, 15, ECF No. 13.) Numerous courts in this circuit have found the CAFA amount in controversy satisfied based on similar pleadings in NYLL § 191 cases. *See Pozo v. BlueMercury, Inc.*, No. 22-CV-7382 (VEC), 2023 WL 4980217, at *2 n.3 (S.D.N.Y. Aug. 3, 2023) (amount in controversy "plausibly exceeds $5,000,000" where

1

"Plaintiff alleges that 'members of the Class number in the thousands,' and Defendant acknowledged that there are nearly 800 class members"); *Hess v. Bed Bath & Beyond Inc.*, No. 21-CV-04099 (JLR), 2023 WL 404384, at *6 (S.D.N.Y. Jan. 25, 2023) ("the requirements for jurisdiction under CAFA are met" where the complaint "alleges a class larger than 100 plaintiffs and an amount in controversy of over $5,000,000").  Likewise, the Court finds that Plaintiffs have plausibly exceeded CAFA's amount in controversy.

Nonetheless, Defendant argues that Plaintiffs cannot satisfy the CAFA amount in controversy because the liquidated damages Plaintiffs seek are unconstitutionally excessive punitive damages.  (PMC Ltr. at 2-3.)  According to Defendant, Plaintiffs seek liquidated damages of $43 million, yet actual damages are limited to approximately $75,000 based on interest for late wage payments.  (PMC Ltr. at 3.)  This, Defendant argues, results in an impermissible ratio of over 575-to-1 for "punitive damages versus actual damages," thus the maximum amount that Plaintiffs can lawfully collect does not exceed CAFA's amount in controversy of $5 million.  (*Id.* at 3.)  The Court rejects this challenge on several grounds, not the least of which it is premature.

As an initial matter, Defendant's argument is highly speculative.  To even entertain Defendant's theory, the Court would need to make a finding as to actual damages—an impossible task when Defendant's hypothetical damages calculations are based on data that Defendant has not even provided to the Court or Plaintiffs.[1]  (Dec. 20, 2023 Tr.  at 10:24-11:1, 15: 20-23, 43:13-14.)  Defendant's theory is further flawed because Defendant assumes that actual damages are limited to the interest on late wage payments.  (*Id.* at 36:14) ("We think the actual damages here is the interest.")  In other words, as Defendant's argument goes, liquidated

---

[1] Nor is the Court persuaded that Defendant could have not obtained this data prior to filing its initial motion to dismiss.

damages should not be considered actual damages under N.Y.L.L. § 198 (1-a).  Tellingly, Defendant provides no authority for this position, and Defendant's argument seemingly ignores *Vega v. CM & Assocs. Constr. Mgmt.*, where the First Department recognized that liquidated damages under N.Y.L.L. § 198 (1-a) "provide a remedy to workers complaining of untimely payment of wages."  LLC, 175 A.D.3d 1144, 1146 (N.Y. App. Div. 2019).

More importantly, at this stage of the case there has been no damages award, nor any record on which to assess whether a punitive damages award would be excessive in light of "the degree of reprehensibility of the defendant's misconduct," "the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award," and "the difference between the punitive damages awarded . . . and the civil penalties authorized or imposed in comparable cases."  *Thomas v. iStar Financial, Inc.*, 652 F.3d 141, 149 (2d Cir. 2010) (describing the Supreme Court's three "'guideposts' for courts reviewing [punitive damages] awards"); *see also Macchiavello v. ABB/CON-CISE Optical Grp. LLC*, No. 22 CV 8468 (VB), 2023 WL 4625009, at *4 n.4 (S.D.N.Y. July 19, 2023) ("Defendant's argument that imposing liquidated damages violates due process because such a remedy would be unconstitutionally excessive is premature . . . No damages have been awarded, so there is no award for the Court to assess for excessiveness.").  Even if Defendant is correct that the ultimate damages awarded here violate the Due Process Clause, Defendant has offered no legal basis for why the Court should dismiss Plaintiffs' claims rather than reduce the award of damages at the appropriate time.  *See Georgiou v. Harmon Stores, Inc.*, No. 2:22-CV-02861-BMC, 2023 WL 112805, at *6 (E.D.N.Y. Jan. 5, 2023) ("And even if I found that defendant's challenge has merit, defendant does not provide any reason as to why I could not order remitter or partially vacate an excessive award, if

3

there is one, as opposed to denying an award in its entirety."). Defendant is therefore denied leave to file a renewed motion to dismiss, and its motion to stay is likewise denied.

## CONCLUSION

For the foregoing reasons, Defendant's request for leave to file a renewed motion to dismiss (ECF No. 49) and motion for a stay of discovery (ECF No. 50) are DENIED.

                                                SO ORDERED.

Dated: Brooklyn, New York                 /s/ LDH
       January 25, 2024                     LASHANN DEARCY HALL
                                          United States District Judge